*A. Daggy*, for the appellant.

---

THE STATE *v.* ELLISON.

*Thursday,
June 7.*

APPEAL from the *Lawrence* Court of Common Pleas.

WORDEN, J.—Information against the defendant, charging that "on the first day of *December*, 1856, at said county, *Andrew Ellison* did maliciously and mischievously kill and cause to be killed one colt, the property of one *Lorenzo Whitted*, of the value of 35 dollars, contrary," &c.

The information, on motion of defendant, was quashed, and the state excepted, and appeals to this Court.

We discover no defect in the information, and none has been pointed out, no brief having been filed for the appellee. We are not advised upon what ground the information was quashed, except from the brief of counsel for the state. It is there stated that the information was quashed, because the affidavit on which it was predicated charged the defendant with the commission of the offense, not absolutely, but only as the affiant verily believed. Such is the character of the affidavit; but that seems to us to be sufficient. Such is the statutory form of an affidavit for proceedings in criminal cases before a justice of the peace. 2 R. S. p. 502. We see no substantial reason for any greater degree of strictness in this respect, in proceedings in the Common Pleas. In *Simpkins* v. *Malatt*, 9 Ind. R. 543, the Court held that an affidavit sworn to upon the belief of the party making it, was equivalent to one sworn

to in absolute and direct terms. The Court say, quoting from *Roscoe*, "Belief is to be considered an absolute term; hence, to swear that he believes a thing to be true, is equivalent to swearing that it is true."

*Per Curiam.*—The judgment quashing the information is reversed at the costs of the appellee, and the cause remanded for further proceedings.

*A. B. Carlton* and *R. C. McAfee*, for the state.