———o———

## CURRY v. BAKER, Governor.

AFFIDAVIT.—*Contest of Election.*—The affidavit of an elector instituting a contest of an election, under the act of May 4th, 1852 (1 G. & H. 316), requiring of such contestor "a written statement specifying the grounds of contest, verified by the affidavit of such elector," is not bad for qualifying the averment of the truth of such statement by the words, "as he is informed and verily believes."

APPEAL from the Marion Civil Circuit Court.

RAY, J.—Curry filed his affidavit in the Marion Civil Circuit Court, setting forth, substantially, the following facts:—

That at the last general election in the State, in October, 1868, a clerk of the Circuit Court of Boone county, in said

State, was required to be elected; that said Curry was eligible to said office of clerk of said Boone county; that the only persons voted for for said office at said election were said Curry and one Abram O. Miller; that the aggregate number of votes cast at said election were 4,950, of which said Curry received 2,487, and said Miller 2,463, said Curry receiving a majority of all the votes so cast for said office, of twenty-four votes; that on the 15th day of October, 1868, the board of commissioners of Boone county declared the result of said election as aforesaid, and that said Curry was duly elected clerk of said county of Boone; that afterward the result of said election was duly certified by the clerk of the Circuit Court of said county of Boone, and transmitted to the Secretary of State of the State of Indiana, who received the same and filed it the office of Secretary of State aforesaid, in conformity to law in such cases made and provided; that after the said certificate of the result of said election was so filed in said office of the Secretary of State, said Curry, on the 17th day of November, 1868, at the office of the Governor of said State, demanded of him as such Governor, a commission for the said office of clerk of the Circuit Court of said Boone county, which was refused, said Conrad Baker being then and there such Governor and the person of whom such demand was made. Said Curry further alleged, that the term of said present incumbent of said office of clerk had expired; and said incumbent is now holding said office to await the qualification of his successor.

Upon this statement, which was sworn to, said Curry moved the court for a mandate against Governor Baker directing him to issue a commission to said Curry as such clerk for the term of four years.

The court made an order directing that the Governor show cause, on or before the 12th day of December, 1868, why he will not issue a commission to said Curry as clerk, &c. Afterwards, on the 9th day of December, 1868, Gov-

ernor Baker filed an answer showing cause. This answer contained substantially the following facts:—

That within ten days after the 15th day of October, 1868, Abram O. Miller, the competitor of said Curry for said office, filed in the auditor's office of said Boone county, his statement in writing, specifying the grounds upon which he intended to contest the election of said Curry, which statement was verified by said Miller, who was, at the time of filing his said statement, and at the time of said election, a qualified elector of said Boone county; that the said auditor gave notice to the clerk of said county that the election of said Curry was contested, to which was attached a copy of said statement of the contestor, Miller; which notice and copy of said statement was on the same day, to wit, October 21st, 1868, filed in the clerk's office of said county of Boone, and still remains on file therein; that the only certificate of the result of the election transmitted to the Secretary of State by the clerk of Boone county was received by said Secretary on the 31st day of October, 1868; and the Governor makes two papers so transmitted part of his answer. One of these papers is a certificate of the result of said election in respect to the entire ticket, and shows that Israel Curry received for clerk 2,487 votes, and Abram O. Miller 2,463 votes. The other of said papers, which the Governor makes "exhibit B" to his answer, is a copy of the notice of the auditor of said Boone county to the clerk thereof that said election was contested by said Miller, and containing a copy of the statement of the grounds of the contest of said election. This statement, if true, shows facts sufficient to entitle Miller to the office of clerk of said Boone county, as having been duly elected thereto at said election. There is appended to said statement an affidavit in the following words:—

"Abram O. Miller swears that the foregoing statement and grounds for contesting the said election of said Israel Curry to said office of clerk of the Circuit Court of Boone

county aforesaid are true in substance and matter of fact, as he is informed and verily believes.

(Signed.)     ABRAM O. MILLER."

The Governor further says, that he had never received any information that the contest of said election had been dismissed, decided, or otherwise terminated; but the truth is, the board of commissioners of Boone county decided said contest against said Curry and in favor of said Miller; and said Curry subsequently appealed from their decision to the Boone Circuit Court, in which said appeal is still pending, undecided and undetermined; and that he can not issue a commission to said Curry or Miller pending said contest.

This answer was duly subscribed and sworn to before the clerk of the court below.

The plaintiff demurred, "because the said return and answer do not state facts sufficient to constitute a defense to this action; nor do they show any sufficient reason why the mandate herein should not be made peremptory."

The court overruled this demurrer. The plaintiff excepted, and being ruled to reply, failed, and suffered judgment on demurrer.

The plaintiff now appeals; and the only error complained of is the overruling of the demurrer to the return.

The only question we are asked to consider is as to the sufficiency of the affidavit upon which the contest of the election rests.

One of the fundamental rules of construction, when applied to a statute, requires that effect shall be given to the law.

The act under which this contest has been commenced is entitled, "An act to provide for contesting the election to any state, district, circuit, county, or township office." The act requires of the elector instituting the contest "a written statement specifying the grounds of contest, verified by the affidavit of such elector."

The grounds of contest are, *"First.* For malconduct

of any member or officer of the proper board of judges or canvassers.

"*Second.* When the contestee was ineligible.

"*Third.* When the contestee, previous to such election, shall have been convicted of an infamous crime; such conviction not having been reversed, nor such person pardoned at the time of such election; or,

"*Fourth.* On account of illegal votes."

It is very plain that if the contest was of a State election, where the conduct of the board of judges or canvassers at each particular precinct was involved, or was instituted on account of illegal votes received at any number of the thousand precincts open on one special day, it would be impossible for any one contestor to make any statement of facts from his own personal observation, extending over so wide a field, limited to a given moment of time, and yet required to be specific in detail and locality. To construe the language of the statute, therefore, as is contended by the appellant, and require the affidavit to be founded alone upon the personal observation of the contestor, would involve a practical change in the title of the act, so that it should read, an act to prohibit the contesting of any election.

It is never the duty of courts to place so rigid a construction upon the language of any act, where there is room for interpretation, as to defeat the purpose of the legislature. Still less are we disposed to adopt such a view where the object of the law is to secure to the electors the purity of the ballot-box, by subjecting to the scrutiny of the courts the conduct of the officers in charge of the election.

The statute requires that the statement specifying the grounds of contest shall be verified by the affidavit of the elector; that is, literally, made out to be true by such affidavit. No statement can go beyond the belief of the party making it. That belief may arise from personal observation, from sight or from sound, from information derived from others, or as the result of a logical conclusion from

other known facts. But we know that sight or sound may deceive, as information derived from other persons may mislead. They can, at most, when united, produce but one result, conviction of the mind, or in other words, belief. When, therefore, one states his belief in the truth of a statement, the assertion is as strong as language can make it. Without the proper evidence to produce a conviction, he can have no belief on the subject; and the mind can receive nothing beyond a conviction of the truth. At common law, certain pleas concluded with a verification—an assertion of the ability of the pleader to prove the matter alleged. *Wilkes* v. *Hopkins*, 6 Man. & G. 36, note (c). In the affidavit before us, the affiant states his information as a source of his belief, but he does not rest there; the truth of the statements are asserted as he "verily believes." The assertion of his belief is direct and positive, and renders the affidavit conclusive. *Simpkins* v. *Malatt*, 9 Ind. 543; *Trew* v. *Gaskill*, 10 Ind. 265; *State* v. *Ellison*, 14 Ind. 380; *McNamara* v. *Ellis*, *Id.* 516.

The judgment is affirmed, with costs.

*S. Claypool, Huff & Langdon*, and *Hamilton & Galvin*, for appellant.

*J. W. Gordon, W. March*, and *D. E. Wiliamson*, Attorney General, for appellee.