## TRABER and Another *v.* BRIGHT and Others.

CORPORATION.—*Pleading.*—In a suit under the statute, against the directors of the "Neal Manufacturing Company," for failing to make a report of the amount of capital stock of the company, the amount of assessments thereon and actually paid in, and the amount of existing debts of the company, the complaint averred that the defendants were the directors and sole stockholder of the company; "that said Neal Manufacturing Company was organized April 10th, 1866, by articles of association filed and recorded in the Jefferson county recorder's office on said day, a copy of which articles

of association is filed herewith as part hereof; and said company carried
on said business at said Madison."

*Held,* that this sufficiently showed that said company was a corporation.

SAME.—*Statute Construed.*—Section 15 of the act of May 20th, 1852 (1 G. &
H. 427), for the incorporation of manufacturing and mining companies was
not repealed by the supplemental act of March 4th, 1863 (Acts 1863, p. 48).

APPEAL from the Jefferson Circuit Court.

GREGORY, J.—The court below sustained a demurrer to
the complaint, and this presents the only question in the case.

There are two points made against the sufficiency of the
complaint. It is claimed that it does not show that the
"Neal Manufacturing Company" is a corporation. It avers
"that said Neal Manufacturing Company was organized
April 10th, 1866, by articles of association filed and record-
ed in the Jefferson county recorder's office on said day, a
copy of which articles of association is filed herewith as
part hereof; and said company carried on said business at
said Madison."

It was enough to aver the existence of the corporation,
without showing the steps taken in the formation of the
company. The complaint, it is true, does not aver that a
duplicate of the articles of association was filed in the of-
fice of the Secretary of State, but it does show that the
association was acting as a corporation. The appellees were
sued as directors of the company, for failing to make a re-
port, stating the amount of capital stock of the company,
the amount of assessments thereon and actually paid in, and
the amount of existing debts of the company. It is averred
that they were not only the directors, but the sole stock-
holders of the company. The complaint clearly shows
that the "Neal Manufacturing Company" was a corpora-
tion. It is contended that the fifteenth section of act of
May 20th, 1852 (1 G. & H. 427), for the incorporation of
manufacturing and mining companies, was repealed by the
supplemental act of March 4th, 1863 (Acts of 1863, p. 48).

The fifteenth section of the act of 1852 provides, that
"if any certificate or report made, or public notice given,

by the officers of any such company, as required by this act, shall be false in any material representation, or if they shall fail to give such notice, or make such report, all the officers who shall sign the same, knowing it to be false, or fail to give the notice, or make reports, as aforesaid, shall be jointly and severally liable for all the debts of the company contracted while they are stockholders, or officers thereof."

By the thirteenth section of the same act it is provided, that "every such company shall, annually, within twenty days from the first day of January, make a report, which such company shall cause to be published in some newspaper printed in the county, if any, otherwise in the State, nearest thereto, which shall state the amount of capital, the amount of assessments made, and actually paid in, and the amount of existing debts, which report shall be signed by the president, and a majority of the directors, and shall be verified by the oath of the president, and such directors, and secretary."

By the second section of the supplemental act of 1863, it is provided, that "if any company organized and established under the authority of this act, and of the act to which this is supplementary, shall violate any of the provisions thereof, and shall thereby become insolvent, the directors ordering or assenting to such violation shall jointly and severally be liable, in an action founded on said acts, for all debts contracted after such violation as aforesaid."

By the third section of the supplemental act, the eleventh and fourteenth sections of the original act are expressly repealed.

The eleventh section thus repealed provided, that "the stockholders of such company shall be individually liable, jointly and severally, for all debts due and owing laborers, servants and apprentices, for services rendered; and, to other creditors of the company they shall be liable to an amount equal to the stock held by them respectively."

The fourteenth section provided, that "if any such com-

pany shall declare and pay any dividend, when within their knowledge, the outstanding debts of such company are equal to three-fourths of the capital stock, as shown by the books thereof, or known from reliable sources of information, they shall be jointly and severally liable for all the debts of the company then existing, and for all that shall thereafter be contracted during their continuance in office: *Provided*, That, if any of the directors object to declaring such dividend, and file their objection, in writing, with the secretary of the company, and with the clerk of the county, they shall be exempt from such liability."

It will thus be seen that the sections expressly repealed relate to the individual liability of the directors and shareholders in certain specified cases.

It is urged that the second section of the supplemental act covers the entire subject of individual liability arising from the violation of the requirements of the acts of incorporation, and, therefore, by implication repeals the fifteenth section of the original act.

The rule on this subject is well stated by BLACK, C. J., in *Brown* v. *County Commissioners*, 21 Penn. St. 37, thus: "When two statutes are so flatly repugnant that both cannot be executed, and we are obliged to choose between them, the latter is always deemed a repeal of the earlier. This rule applies with equal force to a case of absolute and irreconcilable conflict between different sections or parts of the same statute. The last words stand, and others which cannot stand with them go to the ground. But whenever two acts can be made to stand together, it is the duty of a judge to give both of them full effect. Even where they are seemingly repugnant, they must, if possible, have such a construction that one may not be a repeal of the other, unless the later one contains negative words, or the intention to repeal is made manifest by some intelligible form of expression."

There are no negative words in the section under consideration; and it is clear to our minds that it was not the

intention of the legislature to repeal the fifteenth section of the original act.

The express repeal of the eleventh and fourteenth sections on the same subject is a very strong indication that no other part of the original act was intended to be repealed. The act itself professes to be supplemental to the original act, not only in its title, but in its main provisions.

It only remains to enquire whether there is such a repugnance that the two sections cannot stand together.

The fifteenth section provides a penalty for the omission of an act the omission of which by no possibility could result in the insolvency of the company. It is not pretended that the thirteenth section of the original act is repealed. Therefore, on the hypothesis that the fifteenth section is repealed, there remains no penalty for the violation of the requirements of the thirteenth section. It can well be held that the second section of the supplemental act only embraces the violation of such provisions the violation of which might result in the insolvency of the company, leaving the penalty provided for in the fifteenth section to cover the violation of the requirements of the thirteenth. And such seems to be the legislative understanding. See the act of April 30th, 1869, Acts of 1869, Spec. Sess., p. 89.

We think these two sections can stand together, and that there is not such a repugnance as to make the latter repeal, by implication, the former.

The court erred in sustaining the demurrer to the complaint.

Judgment reversed, with costs; cause remanded, with directions to overrule the demurrer to the complaint, and for further proceedings.

*C. E. Walker* and *W. S. Roberts,* for appellants.

*H. W. Harrington, C. A. Korbly, T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for appellees.