## JOHNSON v. THE STATE.

CRIMINAL LAW.—*Indictment for Arson.*—*Burning Property Insured.*—*Corporate Existence, and Name, of Insurance Company.*—An indictment for arson, charging the burning of property insured against loss by fire by an insurance company designated by a name apparently indicating it to be a corporation, need not affirmatively aver its corporate existence, nor whether it is a domestic or foreign corporation.

SAME.—*Evidence.—Foreign Insurance Company.—Non-Compliance of, with Statute.*—An insurance policy issued by such company, on such property, is admissible in evidence, on the trial in such case, without proof either of the corporate existence of the company, or that the company, which was a foreign corporation, had complied with the requirements of the act of December 21st, 1865, 1 R. S. 1876, p. 594, " regulating foreign insurance companies doing business in this State," etc.

SAME.—*Purchase, after Fire, of Part of Insured Property, from Wife of Co-Defendant.*—A witness in such case having testified that he and one indicted jointly with the defendant, at the solicitation of the latter, and on his promise to them that the codefendant could have all of the goods insured which he could carry away, had set the insured property on fire, it was proper to permit evidence of witnesses, that. after the fire, they had purchased, of the wife and at the house of the codefendant, goods of the character of those insured.

From the Owen Circuit Court.

*H. Richards, A. W. Fullerton, A. T. Rose, E. Short, E. E. Rose* and *S. M. McGregor,* for appellant.

*T. W. Woollen,* Attorney General, *S. O. Pickens,* Prosecuting Attorney, *W. M. Franklin, I. H. Fowler* and *W. Hickam,* for the State.

NIBLACK, J.—The appellant, Isaac E. Johnson, was indicted jointly with one William F. Johnson, for the crime of arson.

The indictment contained two counts.

The first count charged the defendants with burning a stock of drugs, medicines, groceries and other merchandise, the property of the said Isaac E. Johnson, upon which a policy of insurance against loss or damage by fire had been issued by the Phœnix Insurance Company of Brooklyn, with intent to defraud said insurance company.

The second count charged the defendants with burning a frame storehouse, the property of one Finley B. Johnson, together with the said stock of drugs, medicines, groceries, and other merchandise of the said Isaac E. Johnson, all of which property was insured against loss or damage by fire by the said Phœnix Insurance Company of

Brooklyn, with the like intention of defrauding such insurance company.

The appellant moved to quash both counts of the indictment, but his motion was overruled.

A separate trial being ordered, the cause, as to the appellant, was tried by a jury, who returned a verdict of guilty on both counts of the indictment, fixing his punishment at a fine of one hundred dollars, and imprisonment in the · state-prison for eighteen months. After considering and overruling a motion for a new trial, the court rendered judgment upon the verdict.

The first question here arises upon the sufficiency of the indictment.

It is objected that the indictment was bad for not showing whether the Phœnix Insurance Company was a domestic or foreign corporation; that, if a domestic corporation, it ought to have been alleged to have been duly organized under the laws of this State; or, if a foreign corporation, that such corporation had complied with the act regulating foreign insurance companies doing business in this State. 1 R. S. 1876, p. 594.

We think it fairly deducible from the authorities, that, when an ideality is referred to in a pleading by a name such as is usual in creating corporations, and which discloses no individuals, a corporate existence is implied without being specially averred. This we regard as a settled rule of pleading in this State. Jones v. The Cincinnati Type Foundry Co., 14 Ind. 89 ; Stein v. Indianapolis, etc., Association, 18 Ind. 237 ; Traber v. Bright, 32 Ind. 69 ; Adams Express Co. v. Hill, 43 Ind. 157 ; The Indianapolis Sun Co. v. Horrell, 53 Ind. 527.

It has been decided by this court, that a failure of a foreign corporation to comply with the statute providing the terms upon which it may do business in this State does not render a contract entered into by such corporation

within the State illegal and void, but only imposes disabilities in the enforcement of such contract, until the provisions of such act are complied with. *The Singer Manufacturing Co.* v. *Brown*, 64 Ind. 548; *Daly* v. *The National Life Insurance Co.*, 64 Ind. 1; *The Walter A. Wood, etc., Machine Co.* v. *Caldwell*, 54 Ind. 270; *New England, etc., Ins. Co.* v. *Robinson*, 25 Ind. 536.

We see no error in the refusal to quash the indictment.

On the trial a policy of insurance, issued to Finley B. Johnson by the Phœnix Insurance Company of Brooklyn, on the frame house mentioned in the indictment, and another policy issued by the same company to Isaac E. Johnson on his stock of drugs, medicines, groceries and other merchandise, were both offered and admitted in evidence on behalf of the State, over the objection of the appellant. It is insisted that the court erred in thus admitting these policies in evidence without first requiring it to be shown, either that the company which issued them was a duly organized corporation under the laws of our State, or had, as a foreign corporation, complied with our laws prescribing the conditions on which it might carry on business in this State, but we can not hold that the court so erred in the admission of such policies in evidence. The authorities above cited fully sustain the court in permitting the policies to be read to the jury without the preliminary proof insisted upon, and without other proof as to the corporate existence of such insurance company. See, also, 2 Wharton Criminal Law, secs. 1677, 1828.

James Viquesney, who testified as a witness on behalf of the State, stated, amongst other things, that, several weeks before the house and its contents were burned, (referring to the frame house and the drugs, medicines, groceries and other merchandise, which were in said house, charged in the indictment to have been burned,) Isaac E. Johnson employed him to assist William F. Johnson,

jointly indicted herein as above set forth, to burn said house; that the said William F. Johnson was present at the time of such employment, and participated in the conversation; that the said Isaac said at the time that William could have what goods he could carry away; that he, the witness, and the said William set the house on fire at the time it was burned, which was on or about the 27th day of February, 1878.

Mrs. Jennie Evans was permitted to testify, over the objection of the appellant, that, in the spring or the summer of 1878, she bought of Mrs. Christiana Johnson, wife of the said William F. Johnson, and at his house, two pounds of coffee for fifty cents, and one box of baking powders for ten cents.

Mrs. Mary J. Munday was also permitted to testify, over the objection of the appellant, that, between February and April, 1878, she purchased of the said Christiana Johnson, at the house of her husband, William F. Johnson, sugar, coffee, vinegar and baking powders, of the aggregate value of two or three dollars.

Mrs. Ellen McCormick was likewise permitted to testify, over the objection of the appellant, that, in May, 1878, she purchased of the said Christiana Johnson, at the house of the said William F. Johnson, her husband, fifty cents worth of sugar and coffee, for which she gave Mrs. Johnson a hen and chickens.

It was objected at the time that the testimony of the three last named witnesses was irrelevant, incompetent and immaterial, and that objection is still persisted in here. But we can not say that the court erred in admitting the testimony of those witnesses. Their testimony tended, in some slight degree at least, to corroborate the testimony of Viquesney, and brought out some circumstances to which, we are of the opinion, it was not improper to direct the attention of the jury.

What we have said practically disposes of all the questions discussed by counsel for the appellant.

No sufficient reason has been shown for a reversal of the judgment.

The judgment is affirmed, at the costs of the appellant.