No. 8934.

## NORTON v. THE STATE.

CRIMINAL LAW.—*Burglary.—Indictment.—Corporation.—Railroad Company.—Presumption.*—Where an indictment for burglary charges that the offence was committed by a burglarious entrance into the office of a railroad company, therein designated, it is not necessary to also aver that such company was a corporation, partnership or stock company. In such case corporate existence will be implied.

SAME.—*Evidence.—De Facto Corporation.*—It is not error in such case to permit a witness to state that such railroad company was a corporation; it is sufficient to prove that such company was known and acting as a corporation.

From the Gibson Circuit Court.

*C. A. Buskirk*, for appellant.

*D. P. Baldwin*, Attorney General, and *W. H. Trippet*, Prosecuting Attorney, for the State.

ELLIOTT, J.—Appeal from a judgment of conviction of the crime of burglary entered against appellant. It is here

insisted that the indictment is defective, and should have been quashed on the appellant's motion. The offence is charged to have been committed by a burglarious entrance into the office of the Terre Haute and Evansville Railroad Company. The specific objection urged is that the indictment does not show "whether the Terre Haute and Evansville Railroad Company was a corporation, partnership or stock company." The argument of appellant's counsel is conclusively answered by the case of *Johnson* v. *The State*, 65 Ind. 204. It was there said : "We think it fairly deducible from the authorities, that, when an ideality is referred to in a pleading by a name such as is usual in creating corporations, and which discloses no individuals, a corporate existence is ·implied without being specially averred." This we regard as the correct doctrine. No innocent man can ever be put in peril by it, and many guilty ones may, by its operation, be prevented from escaping merited punishment.

The court permitted a witness to state that the Terre Haute and Evansville Railroad Company was a corporation. There was no error in this. It was proper to prove that the railroad company was known and acting as a corporation. Wharton Criminal Evidence, sec. 164*a*. This conclusion is the logical sequence of the doctrine declared in *Smith* v. *The State*, 28 Ind. 321. It is indeed doubtful, whether it was incumbent upon the State to do more than prove that ·there was an artificial being assuming and acting under a name indicating and implying a corporation.

The affidavits presented in support of appellant's claim for a new trial, upon the ground of newly-discovered evidence, are not such as entitle him to a new trial. It would serve no useful purpose to examine these affidavits in detail.

Counsel say : "We submit that the court should have given the instructions asked by the appellant instead of those given by the court." This ought not to be regarded

.as a sufficient presentation of objections to rulings, but we have nevertheless looked into the instructions given and refused, and find no error.

.Judgment affirmed, at costs of appellant.