## CHARLES NORTON V. THE STATE OF INDIANA.

1. *Allegations of Indictment for Burglary of Railroad Office.*—It is not necessary that such an indictment should aver that the railroad company is a corporation. This will be presumed.

2. *Proof of Corporate Character.*—It is not improper in such a case to ask a witness if the company is a corporation. It is sufficient to show that it is acting as a corporation.

Appeal from a judgment of conviction of the crime of burglary entered against appellant.

It is here insisted that the indictment is defective, and should have been quashed on appellant's motion. The offense is charged to have been committed by a burglarious entrance into the office of the Terre Haute & Evansville Railroad Company. The specific objection urged is that the indictment does not show " whether the Terre Haute & Evansville Railroad Company was a corporation, partnership or stock company."

The argument of appellant's counsel is conclusively answered by the case of *Johnson* v. *The State,* 65 Ind. 204. It was there said: " We think it deducible from the authorities that where an ideality is referred to in a pleading by a name such as is usual in creating corporations, and which discloses no individuals, a corporate existence will be implied without being specially averred." This we regard as the correct doctrine. No innocent man can ever be put in peril by it, and many guilty ones may by its operation be prevented from escaping merited punishment.

The court permitted a witness to state that the Terre Haute & Evansville Railroad Company was a corporation. There was no error in this. It was proper to prove that the railroad company was known and acting as a corporation. Wharton Cr. Ev. § 164a This conclusion is the logical sequence of the doctrine declared in *Smith* v. *State,* 28 Ind. 321. It is indeed doubtful whether it was incumbent upon the State to do more than prove that there was an artificial being assuming and acting under a name indicating and implying a corporation.

The affidavits presented in support of appellant's claim for a

new trial upon the ground of newly-discovered evidence are not such as entitled him to a new trial. It would serve no useful purpose to examine these affidavits in detail.

Counsel say, "We submit that the court should have given the instructions asked by the appellant instead of those given by the court." This ought not to be regarded as a sufficient presentation of objections to rulings, but we have nevertheless looked into the instructions given and refused and find no error.

Judgment affirmed at costs of the appellant.

C. A. Buskirk, for appellant.

Attorney General, for appellee.