No. 10,383.

## THE STATE *v.* BRUMFIEL.

CRIMINAL LAW.—*Turnpike.*—*Injuring Toll-Gate.*—*Custom.*—*Toll.*—Where it is the known custom of a turnpike company, in case one pays toll for a distance beyond another gate, to give checks to show at the latter gate that such toll has been paid, a traveller so paying, and without excuse

not taking such check, and then tearing down the second gate in order to pass it without paying the usual toll as required, is guilty of a violation of section 1964, R. S. 1881.

From the Fayette Circuit Court.

*M. D. Tackett*, Prosecuting Attorney, and *L. W. Florea*, for the State.

NIBLACK, J.—This was a prosecution upon an indictment charging the appellee with having, on the 11th day of March, 1881, unlawfully injured a toll-gate on the Waterloo Township Turnpike Road, in Fayette county, by tearing down and driving over such toll-gate. 2 R. S. 1876, p. 479, sec. 66.

A trial by a jury resulted in the acquittal of the appellee.

As a defence to the indictment the appellee testified that he entered upon the turnpike road at its north end, intending to travel over its entire line, and that after proceeding about a mile he came to a toll-gate, where he paid his toll for the entire distance to which the road extended; that at the time he paid his toll he knew there was another toll-gate on the road about five miles further south, through which he would have to pass, if he continued to travel over the road as he intended doing; that he also knew that, when a passenger over the road paid sufficient toll at one toll-gate to entitle him to pass both gates, it was the custom of the gate-keeper to give such passenger a check or ticket, which would enable him to pass the other gate without further payment of toll; that when he, the appellee, paid his toll at the first gate, he did not either ask for or receive a check or ticket, entitling him to pass the second gate; that when he, the appellee, came to the second gate, he told the gate-keeper that he had paid his toll at the first gate for the entire trip; that the gate-keeper refused to permit him to pass the second gate without the payment of toll; that he, the appellee, refusing to pay further toll, tore down the gate, removed it out of the way and passed through the space which it had occupied.

At the proper time the prosecuting attorney asked the

court in writing to instruct the jury to the effect that, if at the time the defendant paid his toll at the north gate, he knew that it was the custom of the gate-keepers on that road, when toll was paid them for the entire trip at one gate, to give the person so paying toll a check or ticket which would enable him to pass the other gate, and, so knowing the custom in that respect, he did not ask for or obtain such a check or ticket as would enable him to pass the other gate, but simply told the gate-keeper at the other gate that he had paid his toll for the whole distance at the first gate, and was refused permission to pass further without the payment of toll or the production of a ticket, he was not justified in injuring the toll-gate in question.

The court refused to so instruct the jury. The prosecuting attorney thereupon excepted to the ruling of the court in respect to such refusal, and reserved the point of law thus presented for the decision of this court under section 1846 of the Revised Statutes of 1881.

Transportation companies have the right to make all reasonable rules and regulations for the management of their lines of communication, and for the convenient transportation of passengers, and when such rules and regulations are brought to the knowledge of a passenger, it is his duty to conform to them.

In respect to making rules and regulations for the government of persons travelling over their roads, the powers of turnpike road companies are analogous to those possessed by transportation companies, and in the management of their roads an established custom is the equivalent of a regularly adopted rule or regulation.   1 R. S. 1876, p. 659, sec. 15.

The custom of the turnpike company, referred to in the evidence in this case, requiring a person paying full toll at one gate to be provided with a ticket to enable him to pass the other gate, appears to us to have been a proper precaution against fraudulent practices upon the gate-keepers upon the road, and hence a reasonable regulation, to which the ap-

pellee ought to have conformed, or to have shown some excuse for not conforming. *Pittsburgh, etc., R. W. Co.* v. *Vandyne,* 57 Ind. 576 (26 Am. R. 68).

Our conclusion is that the court erred in refusing to give the instruction asked for by the prosecuting attorney as above.

The appeal is sustained, at the costs of the appellee.