Franklin v. The State.

———◆———

No. 10,237.

FRANKLIN v. THE STATE.

CRIMINAL LAW.—*Malicious Trespass.—Injuring Toll-Gate.—Affidavit.*— An affidavit, in a prosecution for injuring a toll-gate of a turnpike company, is not insufficient because the affiant swears to the statements therein from information and belief.

SAME.—*Evidence.—Corporation.*—In such prosecution, it is not necessary for the State to prove the organization of such company; it is sufficient to show that it was known and recognized as a turnpike company and was operating the turnpike on which the gate was situated.

SAME.—The fact that the gate-keeper refused to allow the defendant to pass through the gate, although he may have paid the toll at another gate, did not authorize him to destroy the company's property.

From the Madison Circuit Court.

*J. W. Sansberry, M. A. Chipman* and —— *Sansberry,* for appellant.

*F. T. Hord,* Attorney General, and *W. A. Kittinger,* Prosecuting Attorney, for the State.

ELLIOTT, J.—This is an appeal from a judgment of conviction of the offence of malicious trespass in destroying a toll-gate.

It is said that the affidavit is insufficient, because the affiant swears from information and belief and not from actual knowledge. We think that it is not necessary that the affidavit should show that the statements contained in it are made from affiant's knowledge, but that it is sufficient if it appears that they were made upon information and belief. *State* v. *Buxton,* 31 Ind. 67; *Curry* v. *Baker,* 31 Ind. 151; *State* v. *Ellison,* 14 Ind. 380; *Simpkins* v. *Malatt,* 9 Ind. 543.

It was not necessary for the State to prove the organization of the turnpike company, whose gate was destroyed; for no more was required of the State than that it be shown that the company was generally known and recognized as a corporation and was in possession of and operating the turnpike on which the gate was situated. *Norton* v. *State*, 74 Ind. 337; *Johnson* v. *State*, 65 Ind. 204; *White* v. *State*, 69 Ind. 273; *Lowe* v. *State*, 46 Ind. 305.

There is evidence tending to show that the turnpike was in reasonably good repair, and as the verdict is against the appellant upon this question, as upon all the other material questions in the case, we can not re-examine this question of fact for the purpose of ascertaining whether the conclusion of the jury was or was not the correct one.

The appellant insists that he had a right to destroy the gate, because he had paid his toll at another gate, and the keeper of the one destroyed refused to permit him to pass without again paying toll. The mere fact that the gate-keeper refused to allow him to pass did not authorize him to destroy the company's property. *State* v. *Brumfiel*, 83 Ind. 136. But it appears that the keeper at the first gate offered him a ticket which would have enabled him to pass the second, but he refused to take it, and attempted to get through without either ticket or money, and in this was guilty of a wrong, and he can not, of course, use his own wrong as an excuse for the destruction of another's property.

Judgment affirmed.