Toops v. The State.

Filed Nov. 27, 1883.

---

No. 11,011.

TOOPS v. THE STATE.

CRIMINAL LAW.—*Affidavit and Information.*—An affidavit stating the necessary facts upon information and belief is sufficient to warrant an information.

SAME.—*Information.*—*Obstructing Public Drain.*—*Description.*—An information for obstructing a drain, under R. S. 1881, section 2153, which so describes the drain in general terms that it can be identified with reasonable certainty, is sufficient in that respect.

SAME.—An information charging that the defendant obstructed a drain described, at, etc., on, etc., "by unlawfully removing a tile therefrom, thereby causing said ditch to fill up with mud, dirt and other substances, and did then and there and thereby unlawfully divert the water in said ditch from its proper channel, and did unlawfully injure, obstruct and destroy said ditch," sufficiently charges a public offence under section 2153, R. S. 1881.

SAME.—*Evidence.*—*Construction of Drain.*—If the evidence in a prosecution under section 2153, R. S. 1881, show that the drain was constructed under an order of the county board, it is sufficient proof that the drain was established in accordance with the law, without showing that the requirements of the drainage laws have been complied with.

SAME.—*Evidence.*—*Malice.*—In a prosecution for obstructing a public drain,. malice is not an element of the offence, and need not be shown.

SAME.—*Connecting Private with Public Drain.*—One may, on his own land, connect a private drain with a public one, only provided he do not thereby impair or destroy the public utility of the latter.

PRACTICE.—*Witness.*—*Argument of Counsel.*—When the defendant testifies as a witness voluntarily, his testimony is subject to such comment as is proper concerning that of any other witness.

SAME.—*Instructions.*—The court is not bound to modify or correct an instruction which, as written, ought not to be given, but may, without error, simply refuse to give it.

SAME.—*Reasonable Doubt.*—An instruction that evidence is sufficient to remove a reasonable doubt which convinces the judgment of a man of ordinary prudence of the truth of a fact with such force that he would act upon it, without hesitation, in his own most important affairs, is not erroneous.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*W. R. Hines,* Prosecuting Attorney, and *W. A. Staley,* for the State.

ELLIOTT, J.—It is objected to the sufficiency of the affidavit on which the information is based, that the matters are stated upon information and belief. There is no force in this objection. It is well settled that it is not necessary that the affidavit should show that the statements are made from the affiant's knowledge, and that it will be sufficient if it appear that they are made upon information and belief. *Franklin* v. *State,* 85 Ind. 99; *State* v. *Buxton,* 31 Ind. 67; *Curry* v. *Baker,* 31 Ind. 151; *State* v. *Ellison,* 14 Ind. 380; *Simpkins* v. *Malatt,* 9 Ind. 543.

It is said that the ditch which appellant is charged with having obstructed is not described with sufficient certainty. It is so described as to fully identify it and clearly enable the accused to know what particular ditch he was charged with having obstructed, and this is all that the law requires. A detailed and minute description of a highway or other place alleged to have been obstructed is never necessary; it is sufficient if the description be so specific and certain as to in-

form the defendant, with reasonable certainty, of the character and location of the place the prosecution charges him with having obstructed.

The charge in the information is that the appellant did unlawfully obstruct and injure a public ditch, described, "by unlawfully removing a tile therefrom, thereby causing said ditch to fill up with mud, dirt, and other substances, and did then and there and thereby unlawfully divert the water in said ditch from its proper channel, and did unlawfully injure and obstruct and destroy said ditch." We think this clearly charges. a public offence under section 2153 of the criminal code (R. S., section 2153), for the language employed is substantially that of the statute.

The verdict of the jury reads as follows: "We, the jury, find the defendant guilty of obstructing, injuring, destroying a work constructed in pursuance of the law of the State for the drainage of lands as charged in the affidavit and information, and that be fined thirty dollars." This verdict is. sufficient, for it finds the defendant guilty as charged in the affidavit and information, and this statement would have been enough without the other statements. These specific statements are not inconsistent with the general one, and do not, therefore, impair its force. Verdicts of juries are to receive a fair and reasonable construction, and are not to be disregarded because of mere orthographic errors, nor for mistakes in language, or mere technical defects.

Where the evidence shows that the drain or ditch was constructed under the order of the board of county commissioners, it entitles the State to treat it as having been established in accordance with the law. It is not necessary for the State to prove that all the requirements of the statute providing. for the construction of ditches have been complied with. A criminal prosecution is not the appropriate method of trying the question whether the proceedings were or were not free from irregularities.

Where an accused voluntarily becomes a witness, his testi-

mony may be commented upon like that of other witnesses. The statutory provision concerning defendants who decline to testify has no application to such a case.

In prosecutions for statutory offences, such as obstructing highways, selling liquor without license, obstructing public drains and the like, it is not incumbent on the State to prove malice. A malicious motive or design is not an element of the case.

It was not error to instruct the jury that " evidence is sufficient to remove a reasonable doubt, when it is sufficient to convince the judgment of ordinarily prudent men of the truth of a proposition with such force that they would act upon that conviction, without hesitation, in their own most important affairs."

It may be true that a land-owner may connect private drains with a public ditch on his own land, but this right would not authorize him to obstruct or injure the public ditch. If the instruction asked by appellant had simply asserted the existence of this right, we should have had a very different question from the one presented. The instruction, however, does not stop with a statement of the general right, but broadly asserts that if the connection with the public ditch was made without any malicious design, there could be no conviction. This is clearly not the law. While it may be true that the private drain may be connected with the public drain, it is also true that this connection can not be made if the effect is to obstruct or destroy the ditch constructed under the statute as a work of public utility ; nor can the land-owner, in the work of making the connection, rightfully obstruct or injure such ditch.

It was proper to inform the jury that the appellant had a right to use the ditch for drainage purposes, but that he had no right to obstruct it.

Unless the party asking an instruction is entitled to have it given in the terms in which it is written, the court may rightfully refuse it. The court was not, therefore, bound to

undertake to modify or correct those asked, but was justified in declining to give them.

Judgment affirmed.

Filed Oct. 13, 1883.  Petition for a rehearing overruled Dec. 15, 1883.