Thayer v. Burger et al.

Filed Feb. 10, 1885.

————————◆————————

No. 10,475.

THAYER v. BURGER ET AL.

HIGHWAY.—*Petition.*—*Words and Phrases.*—A petition for the vacation of a highway and the establishment of a new one, which states that "the same will affect lands owned by S. and T., as we believe said route will be of public utility," and that the vacation will "affect land owned by T. only," sufficiently complies with the statute requiring the names of the owners to be stated, and is sufficient.

SAME.—*Appeal.*—*Practice.*—Objections in such case to the sufficiency of the petition or to the report of viewers, if not made before the county commissioners, are waived.

VERDICT.—*Venire de Novo.*—*Practice.*—Defects in the form of a verdict are available only upon motion for a *venire de novo*.

From the Marshall Circuit Court.

*H. Corbin* and *J. D. McLaren*, for appellant.

*A. C. Capron* and *C. Richardson*, for appellees.

COLERICK, C.—The appellees presented to the board of commissioners of Marshall county a petition for the vacation of a certain highway, and the establishment of a new one therein described. Viewers were appointed to view the same, and they reported favorably to the granting of the petition. A remonstrance was then filed by the appellant and others against the location of the proposed highway, on the ground of its alleged inutility, and that the appellant would be damaged if it was established. Upon the filing of this remonstrance the board appointed reviewers, who reported that the proposed highway would be of public utility, and that the appellant would be damaged in the sum of $10 by its establishment, and thereupon an order was made by the board vacating the existing highway and establishing the new one, and directing the payment of the damages, so assessed, out of the county treasury. From this order the appellant alone appealed to the Marshall Circuit Court, where the proceeding was tried by a jury, and resulted in the rendition of a verdict in favor of the vacation and establishment of the respective highways in question, and assessing damages in favor of the appellant, upon which verdict, over motions for a new trial and in arrest of judgment, a judgment was rendered in accordance therewith.

The only errors assigned, that have been discussed by the appellant in his brief, assail the sufficiency of the petition, and the rulings of the court below in overruling the motions for a new trial, and in arrest of judgment.

The principal objection urged by the appellant to the sufficiency of the petition is, that it failed to set forth "the names of the owners, occupants *or* agents of the lands through which the highways proposed to be established and vacated" would pass. The petition was as follows:

" *To the Commissioners of Marshall County, Indiana:*

" The undersigned citizens, and residents and freeholders of North township, Marshall county, Indiana, six of whom reside in the immediate neighborhood of the highway herein-

after mentioned, hereby petition your honorable body for the location and opening of a public highway, as follows:" (describing it.) "Said road to be thirty feet wide, and the same will affect lands owned by Daniel Seltenright and Bazil J. Thayer, as we believe said route will be of public utility. And we also petition for the vacation of all that part," etc. (describing the highway to be vacated). "Said change to affect land owned by Bazil J. Thayer only."

We think it appeared with sufficient certainty by the averments in the petition, that the only lands that would be affected by the location and vacation of the highways in question were those owned by the persons therein named, and hence that the provision of the statute requiring the names of such owners, occupants *or* agents to be stated in the petition was complied with. If the petition in that respect had been defective, as asserted by the appellant, the objection thereto for that cause should have been made by him before the board of commissioners. See *Crossley* v. *O'Brien*, 24 Ind. 325. No such objection was there made. It is made for the first time in this court.

The only other objection urged by the appellant to the petition is that the words "as we believe," which appear in the petition, above set forth, were used in connection with, and constituted a part of, the averment therein as to the ownership of the lands that would be affected by the highways proposed to be vacated and established, and that the use of those words in that connection so modified the averment as to render it insufficient. If the supposed objectionable words were used in that connection as asserted by the appellant, which is an erroneous assumption on his part, as they were evidently used in connection with the words immediately following them, still the petition was not, for that reason, rendered insufficient, as the statement of the petitioners in the petition, that they believed the asserted fact to be true, was equivalent to an unqualified assertion by them that it was true. See *Simpkins* v. *Malatt*, 9 Ind. 543; *State* v. *Ellison,*

14 Ind. 380; *Curry* v. *Baker*, 31 Ind. 151; *Bonsell* v. *Bonsell*, 41 Ind. 476.

The appellant next assails the report of the viewers, and insists that it was defective and insufficient. The record fails to show that any objection to it was made by him either before the board of commissioners or in the court below, where the case was tried on its merits. It has been often held by this court that objections to such a report must be presented to the board, and if not there made they are waived. *Green* v. *Elliott*, 86 Ind. 53; *Lowe* v. *Ryan*, 94 Ind. 450; *Clift* v. *Brown*, 95 Ind. 53. On an appeal from the board of commissioners to the circuit court, in a case like this, the report of the viewers is, by force of law, and without any motion to that effect, vacated and set aside, whenever the cause is there tried on its merits. *Turley* v. *Oldham*, 68 Ind. 114.

The appellant also insists that the verdict was defective, because it failed to describe the proposed highway. If the verdict had been defective in form, as asserted by the appellant, the proper method of reaching the defect was by a motion for a *venire de novo*. See *Bosseker* v. *Cramer*, 18 Ind. 44.

No such motion was made. But the verdict was not defective. It could have been, and was, understood by the court, which is all the law requires. See *Daniels* v. *McGinnis*, 97 Ind. 549. By the verdict the jury found that it would be of public utility to have the proposed highway established and opened "as prayed for by the plaintiffs in their petition." In the petition the beginning, terminus, course, distance and width of the proposed highway were fully and accurately stated, and by the judgment of the court the highway, as established, was described as set forth in the petition. Even if the verdict was defective, as asserted by the appellant, in the respect named by him, the defect was cured by the judgment. See, as bearing upon this question, *Ruston* v. *Grimwood*, 30 Ind. 364; *Daggy* v. *Coats*, 19 Ind. 259; *Sidener* v. *Essex*, 22 Ind. 201.

The only reason urged by the appellant in this court in

support of the motion for a new trial is, that the verdict was not sustained by sufficient evidence. The evidence, which is in the record, tends to sustain the verdict, and, therefore, we can not disturb it on the weight of the evidence.

This disposes of all the questions submitted for our consideration, and as there is no error in the record the judgment ought to be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

