## The Fort Wayne, Muncie, and Cincinnati R. R. Co. *v.* Hinebaugh et al.

Railroad.—*Killing Animals.*—*Parties.*—Under the statute, the company own-ing a railroad is liable for stock killed by a train on such road, without reference to the company or persons who may have been running the loco-motive or cars that caused the injury; and such company owning the road may, be sued alone.

From the Fayette Common Pleas.

*W. H. Coombs*, *W. H. H. Miller*, *R. C. Bell*, and *B. F. Claypool*, for appellant.

*A. P. Stanton*, *J. R. Troxell*, and *W. R. Manlove*, for appellees.

Downey, C. J.—The complaint in this case, by the appel-lees against the appellant, was in several paragraphs, for the killing of stock, at different times, belonging to the plaintiffs, by the defendant, at a point on its road where the road was not securely fenced in, etc. The action was commenced before a justice of the peace, where there was judgment, by default, for the plaintiffs. The defendant appealed to the common pleas, where, upon a trial by the court, there was judgment for the plaintiffs for the same amount as before the justice of the peace. A motion for a new trial was made and overruled, and the defendant excepted. Error is assigned upon this ruling alone.

The case turns upon the sufficiency of the evidence, which consists of an agreement of certain facts by the par-ties, and the testimony of one witness in addition thereto, and establishes the following facts: That the stock was killed in July and August, 1870, in Fayette county, on the road built by The Connersville and New Castle Junction Rail-road Company; that the road was not securely fenced at the point where the stock was killed; that on the 9th day of June, 1869, The Connersville and New Castle Junction Rail-road Company and The Fort Wayne, Muncie, and Cincinnati Railroad Company, the latter road not being then construct-

ed, consolidated and became a corporation by the name of The Fort Wayne, Muncie, and Cincinnati Railroad Company, and on the same day said consolidated company leased its road to the Junction railroad company for ninety-nine years; that the said road was operated by the Junction railroad company, and all the business of the line done by that company; and it was shown that the value of the stock killed was the amount for which judgment was rendered.

The ground relied upon by the appellant for a reversal of the judgment is, that the appellant was not liable for the stock when the road was being run and controlled by the Junction railroad company, a lessee of the appellant.

The first section of the statute declares, "that lessees, assignees, receivers, and other persons, running or controlling any railroad, in the corporate name of such company, shall be liable, jointly or severally with such company, for stock killed or injured by the locomotives, cars, or other carriages of such company, to the extent and according to the provisions of this act." The second section provides, "that whenever any animal or animals shall be or shall have been killed or injured by the locomotives, cars or other carriages used on any railroad in, or running into or through this State, whether the same may be or may have been run and controlled by the company, or by the lessee, assignee, receiver or other person, the owner thereof may go before some justice of the peace," etc.

The fourth section authorizes the action to be brought against the railroad as defendant, whether the same is or was being run by the company, or by a lessee, assignee, receiver or other person in the name of such company. See 3 Ind. Stat. 413.

The action here is not against the lessee of the road, nor is it against the company owning the road and the company running the road as lessee jointly, but it is against the company owning the road, seeking to make it severally liable for the animals killed. We are unable to see why the action is not properly brought against that company. The act seems

to render the company owning the road liable without refer-
ence to the company or person who may have been running
the locomotives, cars, etc.   It is conceded by counsel for
appellant that this is the construction given to the act in
question by this court in *The Indianapolis, etc., R. R. Co.* v. *Solo-
mon*, 23 Ind. 534.   But it is insisted that that case should
not be followed.   We think that case was correctly decided,
and that it must guide us in the determination of this one.

The judgment is affirmed, with five per cent. damages and
costs.