## The Indianapolis, Cincinnati and Lafayette Railroad Co. *v.* Ray.

RAILROAD.—*Killing Animal.*—*Receiver.*—An action under the act of March 4th, 1863, will lie against a railroad company for the value of an animal

killed by a passing train, the road not being fenced, although at the time of the killing the railroad be controlled and run by a receiver in bankruptcy.

From the Shelby Circuit Court.

*K. M. Hord, A. Blair, E. K. Adams* and *C. & G. M. Wright,* for appellant.

*J. B. McFadden* and *J. W. Tomlinson,* for appellee.

BIDDLE, C. J.—Suit by Ray, under the act of March 4th, 1863 (3 Ind. Stat. 413), against the railroad company for killing his horse. Trial, and verdict for appellee. Appeal.

During the trial, the appellant offered to prove to the jury by a witness (Odell), "that at the time the plaintiff's horse was killed, the said road was not in the possession, or in any manner under her control; that she did not employ, pay, nor in any manner control the hands or servants, or agents engaged on the road in the running of trains, repairing road, or in any capacity connected with the road; that the servants who committed the injury to the plaintiff's horse, and who worked upon the road and repaired fences, were not the servants of the company, or under her control; but that the railroad of the defendant, with all its appurtenances, was, and had been, since October, 1870, in the exclusive possession, use and control of Morris E. Ingalls and Thomas A. Morris, as receivers in bankruptcy, duly appointed by the District Court of the United States for the district of the State of Indiana—the defendant having been adjudged a bankrupt upon the petition of creditors."

To this evidence the appellee objected, and the objection was sustained by the court. The same question was also raised by an instruction asked and refused.

There is no error in these rulings. The act under which the appellee sues provides that in such cases the suit may be brought against the railroad as defendant, whether the road is run by the company, a lessee, assignee or receiver. Sections 2 and 4. And so are the decisions of this court. *The Ohio & Miss. R. R. Co.* v. *Fitch.* 20 Ind. 498; *McKinney* v.

*The Ohio & Miss. R. R. Co.*, 22 Ind. 99;. *The Ft. Wayne, etc., R. R. Co.* v. *Hinebaugh*, 43 Ind. 354; *The Louisville, etc., R. R. Co.* v. *Cauble*, 46 Ind. 277.

The judgment is affirmed, with costs and ten per cent. damages.