Filed Feb. 20, 1884.

---

No. 10,005.

## STANFIELD v. STILTZ.

EVIDENCE.—*Assessment Lists.*—*Husband and Wife.*—In an action by a wife to recover her personal property levied upon as the property of her husband to satisfy an execution against him, a tax assessment list, in which the husband had listed the property as his own, does not preclude her from asserting her ownership, and is not proper evidence against her.

FRAUD.—*Evidence.*—Fraud may be inferred by the jury from the circumstances proven in the case, and need not be proven by direct evidence.

From the Newton Circuit Court.

*D. Smith, M. H. Walker* and *S. P. Thompson,* for appellant.

*P. H. Ward,* for appellee.

ELLIOTT, J.—Shortly stated, the case made by appellee's evidence is this: Before her marriage she bought with her own money a mare, which foaled the horse here in controversy, and the appellant seized it upon an execution issued against the appellee's husband.

It can not be doubted that if Mrs. Stiltz owned the dam she owned its foal. The produce of a mare belongs to the owner of the dam.

The fact that the horse was assessed in the name of the husband did not conclude the wife from asserting ownership, nor did it preclude her from showing the truth. Assessment lists are not made to induce individuals to act, but to present property for taxation.

The statements of the husband contained in the assessment

lists for the years 1875, 1876, 1879, were not evidence against the wife unless made with her knowledge, and not then unless it appeared that she intended thereby to allow him to assert a claim to it as owner. The law in force at the time the excluded lists were returned made it the duty of the husband to list the property of his wife. 1 R. S. 1876, p. 75. The case of *Hadley* v. *Hadley,* 82 Ind. 75, goes only to the point that in cases similar to this the assessment lists may be used to contradict the testimony of the husband. As it did not appear in the present case that the wife knew that the husband listed this property as his own, the lists made by him were not evidence against her.

To meet the case made by the appellee's evidence, testimony was introduced by the appellant which tended, in some degree at least, to prove a fraudulent design on the part of appellee's husband to defraud the appellant, and that she participated in that design. At the proper time appellant asked an instruction asserting, in substance, that fraud need not be proved by direct evidence, but might be inferred from circumstances surrounding the transaction; the court refused to give it, and an exception was reserved. We think this was error. There was some evidence tending to prove fraud, and the appellant was entitled to have the question submitted to the jury. The instruction, though somewhat awkwardly framed and lacking in precision, asserts a correct abstract proposition of law, and there was evidence making it pertinent, and there was, therefore, material error in refusing it.

Other questions are discussed, but we do not deem it necessary to decide them for the reason that they may not arise on another trial.

Judgment reversed.

Filed Feb. 22, 1884.