JANE E. OLIVE, as Administratrix, Appellant, *v.* THE WHITNEY MARBLE COMPANY, Respondent.

Defendant having discovered that two boilers which it had purchased with guaranty were defective, notified the vendor to repair them. O., plaintiff's intestate, was sent with others to make the repairs, their instructions being when the work was done, " to fire the boilers up and test them." When the repairs were substantially completed, N., defendant's engineer, put fire under the boilers ; one of them exploded and O. was killed. In an action to recover damages, it did not appear at whose request the fire was started. *Held*, that it was to be presumed it was either at the request of those intrusted with the work of repair for the purpose of making the test, or that the service was voluntarily rendered by N.; at any event, that it was not rendered by him as the servant of defendant, and it was not responsible for the act.

*Also held*, that assuming N. was acting as servant of defendant, as there was no evidence as to the cause of the explosion, there was nothing to show or to authorize an inference of carelessness on his part; that it

devolved upon plaintiff to show that he knew or had reason to believe, or
ought to have known, that the boilers were defective and dangerous.

*It seems* that defendant did not owe the same duty to O. which would have
been due to an employe of its own, into whose hands the boiler had
been placed for use.

(Argued June 22, 1886 ; decided October 5, 1886.)

APPEAL from judgment of the General Term of the Supreme
Court, in the fourth judicial department, entered upon an order
made at the May term, 1885, which affirmed a judgment in
favor of defendant, entered upon an order nonsuiting plaintiff
on trial.

This action was brought to recover damages for alleged neg-
ligence causing the death of Joseph Olive, plaintiff's intestate.

The material facts are stated in the opinion.

*E. C. Emerson* for appellant. The court erred in holding
that defendant owed no duty to plaintiff's intestate and that
the boilers were not in charge of the defendant at the time
of the accident. (*Farwell* v. *Boston & Worcester R. R. Co.*,
4 Metc. 49, 55, 56 ; approved, *Coon* v. *Syracuse R. R.
Co.*, 5 N. Y. 495, 1 Bl. Com. 431 ; *Foot* v. *Bentley*, 44
N. Y. 166 ; *Nash* v. *Weaver*, 23 Hun, 516 ; *Morey* v. *Med-
bury*, 10 id. 540 ; *Bacon* v. *Gilman*, 57 N. Y. 656 ; *Smith* v.
*Edwards*, 29 Hun, 493 ; *Hurd* v. *Cook*, 75 N. Y. 454 ; *Groat*
v. *Gile*, 51 id. 431 ; *Reed* v. *Randall*, 29 id. 358 ; *Dounce* v.
*Dow*, 64 id. 412 ; *Parks* v. *Morris Axe and Tool Co.*, 54 id.
586 ; *Heydecker* v. *Lombard*, 7 Daly, 19 ; *Dutchess Co.* v.
*Harding*, 49 N. Y. 321 ; *Beck* v. *Sheldon*, 48 id. 366 ; *McCor-
mick* v. *Sarson*, 45 id. 265 ; *Cassidy* v. *LeFevre*, id. 562 ;
*Voorhees* v. *Earl*, 2 Hill, 288 ; *Cary* v. *Gruman*, 4 id. 625,
626 ; *Rust* v. *Eckler*, 41 N. Y. 488 ; *Fogg* v. *Francis*, 9
Week. Dig. 130 ; *Kiernan* v. *Rocheleau*, 6 Bosw. 148 ; *Gil-
lespie* v. *Torrence*, 25 N. Y. 306 ; *Nichois* v. *Townsend*, 7 Hun,
375 ; *Day* v. *Pool*, 52 N. Y. 416 ; *Dounce* v. *Dow*, 57 id. 16 ;
*Coughtry* v. *Globe Woolen Mills*, 56 id. 124 ; *Devlin* v.
*Smith*, 89 id. 470 ; *Schappart* v. *Ringler*, 13 J. & S. 345 ;
*Ackert* v. *Lansing*, 59 N. Y. 646 ; *S. C.*, 48 How. Pr. 374 ;

*Swords* v. *Edgar*, 59 N. Y. 28 ; *Morris* v. *Kohler*, 41 id. 42 ; *Svenson* v. *Atlantic Mail Steam. Co.*, 57 id. 108 ; *Stringham* v. *Stewart*, 100 id. 516, 526 ; *Card* v. *Manhattan R. R. Co.*, 22 Week. Dig. 322 ; *Fitzpatrick* v. *N. Y. & H. R. R. Co.*, 21 id. 169.) In a case like the present the appellate court cannot uphold a nonsuit on other grounds than those specified by the trial court upon a principle that a correct decision will not be reversed because placed upon the wrong ground. (*Wisser* v. *O'Brien*, 44 How. Pr. 209 ; *Jordan* v. *National Shoe and Leather Bk.*, 74 N. Y. 467, 471 ; *Colleran* v. *Kennedy*, 94 id. 634 ; *Adams* v. *Greenwich Ins. Co.*, 70 id. 166; *Thayer* v. *Marsh*, 75 id. 340 ; *Bergman* v. *Jones*, 94 id. 51 ; *Ward* v. *Kilpatrick*, 85 id. 413, 417 ; *Quimby* v. *Strauss*, 90 id. 664 ; *Atkins* v. *Elwell*, 45 id. 753 ; *Fountain* v. *Pettee*, 38 id. 184 ; *Murphy* v. *People*, 63 id. 590 ; *McDonald* v. *North*, 47 Barb. 530 ; *Booth* v. *Bounce*, 31 N. Y. 246 ; *Bole* v. *Cook*, 5 Alb. L. J. 43 ; *Osgood* v. *Toole*, 60 N. Y. 475 ; *Adams* v. *Greenwich Ins. Co.*, 70 id. 166 ; *Cooper* v. *Bean*, 5 Lans. 322 ; *Isaacs* v. *N. Y. Plaster Works*, 8 J. & S. 277 ; *Brown* v. *Cayuga R. R. Co.*, 12 N. Y. 486.) Where a case is tried upon the assumption that a certain fact has been proven or such fact is taken for granted, the point is not available as error upon appeal. (*Paige* v. *Fazakerly*, 36 Barb. 392 ; *McDonald* v. *Christie*, 42 id. 36 ; *Hill* v. *Heermans*, 17 Hun. 473 ; *Osgood* v. *Toole*, 60 N. Y. 475.) The deceased was the servant of the steam engine company. It alone had power to discharge him. This is the true test to determine whose servant he was. (*Michael* v. *Stanton*, 3 Hun, 462 ; *Gerlash* v. *Edelmeyer*, 15 J. & S. 292 ; *Clare* v. *City Bk.*, 8 id. 104.) As there was no privity of contract between the deceased and defendant, the rule relieving a master from liability for injuries to a servant through the negligence of a co-servant does not apply. (*Farewell* v. *Boston & Worcester R. R. Co.*, 4 Metc. 49 ; *Hutchinson* v. *Ry. Co.*, 5 Ex. 343 ; *Wiggett* v. *Fox*, 11 id. 832 ; *Coon* v. *Syracuse R. R. Co.*, 5 N. Y. 492 ; *Sherman* v. *Rochester R. R. Co.*, 17 id. 156 ; *Russell* v. *Hudson R. R. R. Co.*, id. 136 ; *Young* v. *N. Y. C. R. R. Co.*, 30

Barb. 229; *Svenson* v. *Atlantic Mail Co.*, 57 N. Y. 108; *Perry* v. *Lansing*, 17 Hun, 34; *Abraham* v. *Reynolds*, 5 Hurlst. & Norm. 143; *Smith* v. *N. Y. & H. R. R. Co.*, 19 N. Y. 127; *Sawyer* v. *Rut. & Bur. R. R. Co.*, 27 Vt. 370; *Warburton* v. *Gt. Western R. R. Co.*, 2 Ex. 30; 4 Hurlst. & Norm. 695; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 563; *S. C.*, 31 Hun, 100; *Blair* v. *Erie R. Co.*, 66 N. Y. 313; *Nolton* v. *Western R. R. Co.*, 15 id. 444; Whart. on Neg., § 203; *Yeomans* v. *Nav. Co.*, 44 Cal. 71; *Cone* v. *Vermont & Mass. R. R. Co.*, 108 Mass. 7; Shearm. & Redf. on Neg., § 101; *Blake* v. *Ferris*, 5 N. Y. 48; *Pack* v. *Mayor, etc.*, 8 id. 222; *Kelly* v. *Mayor, etc.*, 11 id. 432; *Gardner* v. *Bennett*, 6 J. & S. 197; *Schuler* v. *Hudson R. R. R. Co.*, 38 Barb. 653; *King* v. *Livermore*, 9 Hun, 298; *Pierrepont* v. *Lovelee*, 72 N. Y. 211; *King* v. *N. Y. C. & H. R. R. R. Co.*, 66 id. 181.) As the deceased was not a co servant of Newcombe, the defendant was liable for any injuries sustained through his negligence, and this is so, notwithstanding the servant may have acted contrary to his directions and have been guilty of a violation of his duty, as long as he is acting within the scope of his employment. (*Quinn* v. *Powers*, 87 N. Y. 535; *Rounds* v. *D., L. & W. R. R. Co.*, 64 id. 129; *Cosgrove* v. *Ogden*, 49 id. 255; *Hoffman* v. *N. Y. C. & H. R. R. R. Co.*, 87 id. 25; *Lynch* v. *Met. El. Ry. Co.*, 90 id. 77; *Whitaker* v. *Eighth Ave. R. R. Co.*, 51 id. 295; *Schultz* v. *Third Ave. R. R. Co.*, 14 J. & S. 211; *Leviness* v. *Post*, 6 Daly, 321; *Peck* v. *N. Y. C. & H. R. R. R. Co.*, 70 N. Y. 587; *Higgins* v. *Watervliet Turnpike Co.*, 46 id. 23; *Shea* v. *Sixth Ave. R. R. Co.*, 62 id. 180; *Ochseinbein* v. *Shapley*, 85 id. 214; *Lynch* v. *Met. El. Ry. Co.*, 24 Hun, 506; *Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543; *Rounds* v. *D., L. & W. R. R. Co.*, 64 id. 129; *Jackson* v. *Second Ave. R. R. Co.*, 47 id. 274; *Coughtry* v. *Globe Woolen Mills*, 56 id. 124; *Devlin* v. *Smith*, 89 id. 470.) The jury would have been justified in finding from the evidence that the death of plaintiff's intestate was the result of negligence. (*Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 562; *Heeg* v. *Licht*, 80 id. 579; *Russell Mfg. Co.* v. *N.*

*H. St. Co.,* 50 id. 121; *Mullen* v. *St. John,* 57 id. 567; *Roberts* v. *Johnson,* 58 id. 613; *Brignoli* v. *Chicago & Gt. Eastern R. R. Co.,* 4 Daly, 182; *Walker* v. *Erie R. R. Co.,* 63 Barb. 260; *Curtis* v. *Roch. & Syr. R. R. Co.,* 18 N. Y. 534; *Spinner* v. *N. Y. C. & H. R. R. R. Co.,* 67 id. 153; *Lyons* v. *Rosenthal,* 11 Hun, 46; *Caldwell* v. *N. J. Steam. Co.,* 47 N. Y. 282, 293; *S. C.,* 56 Barb. 425; *Rose* v. *Stevens & Condit Trans. Co.,* 21 Am. Law Reg. 522, U. S. Cir. Ct.; *Illinois Cent. R. R. Co.* v. *Phillips,* 55 Ill. 194; *Peoria R. R. Co.* v. *Reynolds,* 88 id. 418; *Fay* v. *Davidson,* 13 Minn. 528; *McMahon* v. *Davidson,* 12 id. 357; *Hart* v. *Hudson R. Bridge Co.,* 80 N. Y. 622; *Ochseinbein* v. *Shapley,* 85 id. 214, 224; *Ireland* v. *Oswego H. & S. Plankroad Co.,* 13 id. 526, 533; *Durkin* v. *Sharp,* 88 id. 225; *Gleason* v. *Amdell,* 11 Week. Dig. 159; *Althorf* v. *Wolfe,* 22 N. Y. 355; *Simons* v. *Monier,* 29 Barb. 419; *Kings* v. *N. Y. C. R. R. Co.,* 4 Hun, 770; *Hawley* v. *Northern R. R. Co.,* 82 N. Y. 370; *Vosburg* v. *Lake Shore R. R. Co.,* 94 id. 374; *Near* v. *Del. & Hud. Can. Co.,* 32 Hun, 557; *Durkin* v. *Sharp,* 88 N. Y. 225; *Disher* v. *N. Y. C. & H. R. R. R. Co.,* 12 Week. Dig. 277; 1 Greenl. Ev., § 6; Wood's Pr. Ev. 622–628; 1 Best on Ev., §§ 253, 634–636; *People* v. *Snyder,* 41 N. Y. 397; *Howard* v. *Moot,* 64 id. 262, 271; *Isaacson* v. *N. Y. C. & H. R. R. R. Co.,* 94 id. 278; *Merchants' Bk.* v. *Hull,* 83 id. 338; *Pardee* v. *Fish,* 60 id. 265, 270; *Slater* v. *Jewett,* 85 id. 62; *Matter of Orphans' Home,* 92 id. 116; *Steers* v. *Liverpool Steam Co.,* 57 id. 1, 5; *Yerkes* v. *Nat. Bk.,* 69 id. 382, 387; *Rau* v. *People,* 63 id. 277; *Ring* v. *City of Cohoes,* 77 id. 83; *Pollett* v. *Long,* 56 id. 200; *Ellis* v. *N. Y., L. E. & W. R. R. Co.,* 95 id. 546.) The evidence sufficiently showed that the deceased was free from contributory negligence, and a nonsuit on that ground was not proper. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.,* 79 N. Y. 464; *Payne* v. *Troy & Boston R. R. Co.,* 83 id. 572; *Wakefield* v. *Sixth Ave. R. R. Co.,* 38 id. 49; *Weber* v. *N. Y. C. & H. R. R. R. Co.,* 58 id. 451; *Kain* v. *Smith,* 89 id. 375; *Jones* v. *N. Y. C. & H. R. R. R. Co.,* 28 Hun, 364; *S. C.* affirmed, 92 N. Y. 628;

*Tolman* v. *Syr., Bing. & N. Y. R. R. Co.*, 98 id. 198; *Morrison* v. *N. Y. C. & H. R. R. R. Co.*, 63 id. 643 ; *Johnson* v. *H. R. R. R. Co.*, 20 id. 65 ; *Jones* v. *N. Y. C. & H. R. R. R. Co.*, 10 Abb. N. C. 200 ; *S. C.* affirmed, 28 Hun, 364; 92 N. Y. 628; *Massoth* v. *D. & H. C. Co.*, 64 id. 524; *Hart* v. *Hudson Riv. Br. Co.*, 80 id. 622 ; *Justice* v. *Lang*, 52 id. 323 ; *Cahill* v. *Hilton*, 21 Week. Dig. 541 ; *Devlin* v. *Smith*, 89 N. Y. 470, 475 ; *Smith* v. *Boston Gas-light Co.*, 22 Alb. Law Jour. 396 ; *Dorland* v. *N. Y. C. & H. R. R. R. Co.*, 19 Week. Dig. 76 ; *Hays* v. *Gallagher*, 72 Penn. St. 136 ; *Hart* v. *Hudson Riv. Br. Co.*, 80 N. Y. 622 ; *Justice* v. *Lang*, 52 id. 323 ; *Kain* v. *Smith*, 89 id. 375 ; *Fuller* v. *Jewett*, 80 id. 46 ; *Vosburg* v. *Lake Shore R. R. Co.*, 94 id. 374; *Salter* v. *U. & B. R. R. Co.*, 88 id. 43 ; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 76 ; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, id. 468 ; *Unger* v. *Forty-second St. R. R. Co.*, 51 id. 497 ; *Moody* v. *Osgood*, 54 id. 488, 496 ; *Farwell* v. *Bos. & Wor. R. R. Co.*, 4 Metc. 49 ; *Perry* v. *Lansing*, 17 Hun, 34 ; *Robinson* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 11 ; *S. C.* 65 Barb. 146 ; *Cosgrove* v. *N. Y. C. & H. R. R. R. Co.*, 13 Hun, 329; *Platz* v. *City of Cohoes*, 24 id. 101 ; *Spooner* v. *Brooklyn City Co.*, 54 N. Y. 230 ; *Dyer* v. *Erie Ry. Co.*, 71 id. 228; *Callaghan* v. *R., W. & O. R. R. Co.*, 13 Week. Dig. 395; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 546 ; *Booth* v. *B. & A. R. R. Co.*, 73 id. 38 ; *Cone* v. *D., L. & W. R. R. Co.*, 81 id. 206 ; *Filke* v. *B. & A. R. R. Co.*, 53 id. 549; *Havey* v. *N. Y. C. & H. R. R. R. Co.*, 19 Hun, 556 ; *Dyer* v. *Erie R. Co.*, 71 N. Y. 228 ; *Stringham* v. *Stewart*, 100 id. 516.)    To make out a cause of action, it was only necessary to allege and prove that the deceased was killed through the negligence of the defendant and its servants. (Code of Civ. Pro., §§ 539, 540, 1902; *Robinson* v. *Wheeler*, 25 N. Y. 252 ; *Thomas* v. *Nelson*, 69 id. 118 ; *Place* v. *Minster*, 65 id. 89 ; *Oyer* v. *Oyer*, 19 Week. Dig. 313 ; *Smith* v. *Lippincott*, 49 Barb. 398 ; *Fells* v. *Vestvali*, 2 Keyes, 152 ; *Rose* v. *Bell*, 38 Barb. 25 ; *Carter* v. *Hope*, 10 id. 180 ; *Dubois* v. *Beaver*, 25 N. Y. 123 ; *Catlin* v. *Gunter*, 11 id. 368 ; *McComber* v. *Granite*

*Ins. Co.,* 15 id. 495 ; *Poirer* v. *Fisher,* 8 Bosw. 258 ; *Underhill* v. *N. Y. & H. R. R. Co.,* 21 Barb. 489 ; *Laughran* v. *Smith,* 75 N. Y. 206 ; *Jordan* v. *Nat. Shoe & Leather Bank,* 74 id. 471 ; *Stanton* v. *Wetherwax,* 16 Barb. 259 ; *Elsey* v. *Metcalf,* 1 Denio, 323 ; *Ford* v. *Townsend,* 1 Robt. 45 ; *Bridgford* v. *Crocker,* 3 T. &. C. 273 ; *Van Vranken* v. *City of Schenectady,* 31 Hun, 516, 517 ; *Robbins* v. *Codman,* 4 E. D. Smith, 316.) The death of plaintiff's intestate did not result from any risk which was assumed by him in repairing the boilers. (*Booth* v. *Bunce,* 31 N. Y. 246, 251 ; *Coleran* v. *Kennedy,* 94 id. 634 ; *Adams* v. *Greenwich Ins. Co.,* 70 id. 166 ; *Atkins* v. *Elwell,* 45 id. 753 ; *Murphy* v. *People,* 63 id. 590 ; *McDonald* v. *North,* 47 Barb. 530 ; *Osgood* v. *Toole,* 60 N. Y. 475 ; *Brown* v. *Cuyuga R. R. Co,* 12 id. 486 ; *Isaacs* v. *N. Y. Plaster Works,* 8 J. & S. 277 ; *Paige* v. *Fazakerly,* 36 Barb. 392 ; *McDonald* v. *Christie,* 42 id. 36 ; *Wisser* v. *O'Brien,* 3 J. & S. 149 ; *Hill* v. *Heermans,* 17 Hun, 473 ; *Osgood* v. *Toole,* 60 N. Y. 475 ; *Cooper* v. *Bean,* 5 Lans. 322 ; *Rue* v. *Perry,* 63 Barb. 41 ; *Austin* v. *Burns,* 16 id. 643 ; *Jencks* v. *Smith,* 1 N. Y. 90, 94.)

*John Lansing* for respondent. The defendant, while the plaintiff's intestate was engaged in making the repairs, owed no duty to him to furnish safe, proper and suitable machinery for the purpose of making such repairs, or skillful, careful and experienced persons to operate the same. (*Murphy* v. *Caralli,* 3 H. & C. 462, 467 ; *Murray* v. *Currie,* L. R., 6 C. P. 24, 27 ; L. R., 2 C. P. Div. 205 ; *Ditberner* v. *Rogers,* 66 How. 35–39 ; *McCafferty* v. *S. D. & P. M. R. R. Co.,* 61 N. Y. 178.) There is no proof of negligence on the part of the defendant in this action. (*Wright* v. *N. Y. C. R. R. Co.,* 25 N. Y. 562–566.) As it does not appear that the engineer was incompetent, or that the defendant had notice of this incompetency, plaintiff could not recover. (*Gibson* v. *Northern Cent. R. R. Co.,* 22 Hun, 289–292 ; *Murphy* v. *Bost. & A. R. R. Co.,* 88 N. Y. 146, 151, 152 ; *Buck* v. *Roch., N. Y. & P. R. R. Co.,* 98 id. 211, 214, 216.) The mere fact of the explosion is not evidence of negligence. (*Young* v. *Bransford,* 12 Lea

[Tenn.], 232.)   The defendant could not be negligent in a matter over which it or its agents or servants had no control. (*Ferguson* v. *Hubbell*, 97 N. Y. 507–510; *Hexamer* v. *Webb*, 4 East. Rep'r [N. Y.], 164; *Edmundson* v. *Pittsburgh, etc*, *R. R. Co.*, 3 East. Rep'r [Penn.], 697; *Hoppin* v. *City of Worcester*, 2 East. Rep'r [Mass.], 384; *Bailey* v. *Troy & Boston R. R. Co.*, 1 East. Rep'r [Vt.], 628.)

EARL, J. This action was brought to recover damages for the death of Joseph Olive caused by the explosion of a steam boiler owned by the defendant at Gouverneur in this State. The material facts are as follows :   The defendant bought two boilers of the Watertown Steam Engine Company in September or October, 1883.   They were placed side by side to furnish power for the same machinery and were used until May 3, 1884, when the southerly boiler exploded.   The vendor guaranteed that the boilers should be good, constructed in first-class manner, and of good material.   Shortly before the explosion, the defendant discovered that there were defects in the boilers and notified the vendor thereof and requested it to repair them.   In compliance with this request, and to fulfill its contract and guaranty with the defendant, the vendor sent from Watertown one Heslop, the foreman of its boiler-shop, and one Dashno, a boiler maker, to make the necessary repairs upon the boilers.   They examined them and found that they leaked steam and needed calking and some new rivets and bolts. Heslop told Dashno what to do and that he should have the boilers fired up and steam on and examine them thoroughly and not leave them until every thing was perfect and right. He then returned to Watertown and had some bolts made and sent Olive, a boiler-maker, who had been in the employ of the vendor for many years, with the bolts to Gouverneur with instructions to aid Dashno in making the repairs, and told him " to help get the rivets driven and see that every thing was all right before he came home and left the boilers; to fire the boilers up and test them before he came home and see that every thing was all right."

Dashno and Olive went to work upon the boilers, and when they had substantially finished, one Newcomb, who was the defendant's engineer and who was also killed by the explosion, put fire under the boilers. It does not appear at whose request he did this. It must be presumed that he did it at the request of the boiler-maker, for the purpose of making the tests which they had been instructed to make. The only witness who lived to tell what took place immediately before the explosion detailed a conversation which occurred between Newcomb and Dashno, who was at the time upon the south boiler, as follows: "Dashno asked Newcomb how much steam was on the north boiler. Newcomb said 'ninety-five pounds.' Dashno then said 'how much on this (the south boiler)?' Newcomb said 'twenty five pounds.' Dashno then said, 'open the door in the further (north) boiler.' Newcomb said, 'let the steam on it,' and he would risk it. Dashno then stepped up toward the smoke-stack. He hadn't hardly made his move when the explosion came. When Newcomb said let the steam on, Dashno made some objection. He did not want to, and Newcomb told him he would risk it, to let the steam on. The explosion then took place."

The plaintiff claims that Newcomb was both unskillful and careless and that the defendant is responsible for his acts. There was no proof whatever that the defendant had any notice that he was unskillful or that he was in fact unskillful. There is no proof whatever or just inference that he was then acting for the defendant. The vendor had undertaken on its own account to make these repairs, and then to test the boilers to see if the repairs were adequate; and it must be presumed, in the absence of proof on the part of the plaintiff who has the burden of establishing his case, that Newcomb either volunteered to aid the boiler-makers or was requested by them to aid in making the tests. In either event, he was not the servant of the defendant in what he did, and it did not become responsible for his acts.

But we should reach the same conclusion on this branch of the case, if we assumed that Newcomb was the servant of the

defendant in what he did, as there is no sufficient evidence and no just inference of any carelessness on his part. The proof does not show with any certainty what caused the explosion. No experts were called upon the subject. It was probably caused by letting steam or cold water into the boiler. But even if it was thus caused, it does not follow that Newcomb was careless. It does not appear that there was any thing to indicate danger to him in what he did. The water gauges indicated a sufficiency of water in the boilers, and there is no proof that they were out of order or that he ought to have known that they were out of order. For aught that appears, he believed and had the right to believe that his acts were perfectly proper and safe. It is not sufficient now, after the accident, to show that they were in fact improper and caused the explosion. But the plaintiff should have shown that he knew, had reason to know, or ought to have known, that they were improper and dangerous. This was not shown, and carelessness which put human life in peril should not be presumed, or found upon a mere scintilla of evidence.

But the plaintiff also claims that the boiler which exploded was in an improper and unsafe condition, and that on account thereof the defendant is liable for the accident. It did not owe the same duty to Olive which would have been due to an employe into whose hands the boiler was placed for use. To such an employe it would have owed the duty of reasonable care and diligence to see to it that the boiler was in a safe and proper condition for use. Olive was there to repair this boiler, and if the accident occurred from any of the defects which the vendor, his employer, was bound to repair, no responsibility was thereby cast upon the defendant. Olive assumed all the risks incident to such defects. If there had been any concealed, dangerous defects known to the defendant, it would have been bound to notify the boiler-makers of them. But it did not guarantee that the boiler was safe. It does not appear that any one had knowledge of any concealed defects in the boiler making it dangerous. It was new—had been used but a few months and had been cleaned every two weeks. There is no evidence

that it ought to have been examined or cleaned more frequently. There is no evidence of any carelessness on the part of the defendant in reference to the condition of the boiler, or that it was unsafe when placed in the hands of the boiler-makers for repairs. The accident might have been due entirely to the act of Newcomb, and it certainly was not shown that it was due to any defect in the boiler. The jury might have guessed that there was a defect, but there was not sufficient evidence of it to form the basis of a verdict.

We are, therefore, of opinion that the nonsuit was proper, and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.