The Cincinnati, Hamilton and Indianapolis Railroad Co. v. McDougall.

No. 12,622.

THE CINCINNATI, HAMILTON AND INDIANAPOLIS RAIL-
ROAD COMPANY v. McDOUGALL.

108 179
127 151

108 179
132 38

108 179
134 599

108 179
159 37
159 38

108 179
163 558

108 179
164 451

108 179
168 474

RAILROAD.—*Service of Summons.*—*Omission of Christian Name of Conductor not Ground for Quashing Sheriff's Return.*—Service on a railroad company is had in compliance with the statute, R. S. 1881, section 4027, when a copy of the summons is delivered to a conductor on any train on the road passing into or through the county. The omission of the Christian name of the conductor is not ground for quashing the sheriff's return.

SAME.—*Name of Corporation.*—The designation of the defendant in the complaint as "The Cincinnati, Hamilton and Indianapolis Railroad Company," sufficiently indicates that the defendant is a corporation.

SAME.—*Action for Stock Killed.*—*Liability of Corporation Owning Line.*—Under the statute, R. S. 1881, section 4025, a railroad corporation is liable for stock killed on its line at a point where it has failed to securely fence its track, whether the railroad is operated by the company owning the line, or by another.

SAME.—*Evidence as to Corporation and Liability.*—Evidence that an animal was injured upon the track of a railway known as the Cincinnati, Hamilton and Indianapolis Railroad, a branch of the Cincinnati, Hamilton and Dayton Railroad, sufficiently indicates that the former is a corporation by that name, and presumptively liable for the injury.

EVIDENCE.—*Tax Assessments.*—*Value of Property.*—Assessment lists for taxation are not competent evidence either for or against the lister, to establish the value of property for purposes other than taxation; especially so where it is sought to arrive at the value of one article by proving the value of others with which that in question was listed.

From the Marion Circuit Court.

*R. W. Marshall, A. C. Harris* and *W. H. Calkins,* for appellant.

*C. G. Offutt* and *R. A. Black,* for appellee.

MITCHELL, J.—McDougall sued the railroad company for damages for kiiling his horse. He alleged in his complaint that the horse strayed upon the railroad track at a point where it was not securely fenced, and was run over and injured by the defendant's engine and cars.

A summons was issued, upon which the sheriff returned that service thereof had been made upon the defendant,

naming it, by reading and delivering a certified copy " to ——
Schindler, a conductor on train No. 39, a regular passenger
train running on said company's railroad."

The appellant insists that the court erred in overruling a
motion to quash the sheriff's return to the summons, the ob-
jection being, that it omits the Christian name of the con-
ductor. There is no merit in this point. Section 4027, R.
S. 1881, authorizes summons to be served "by copy, on any
conductor on any train on said road passing into or through
said county."

Service in compliance with the statute is had, when a copy
of the summons is delivered to a conductor on any train of
the railroad passing through or into the county. It is not
essential that the sheriff should ascertain and accurately state
the full name of the conductor.

The point is also made that, because the complaint does
not allege that the appellant was a corporation, or that it or
any assignee, lessee, or other person, was operating its railroad,
a demurrer for want of sufficient facts should have been sus-
tained to the complaint.

The appellant was designated in the complaint as "The
Cincinnati, Hamilton and Indianapolis Railroad Company."
This sufficiently indicated that the defendant was a corpora-
tion. *Johnson* v. *State*, 65 Ind. 204, and cases cited; *Norton*
v. *State*, 74 Ind. 337; *Franklin* v. *State*, 85 Ind. 99.

Section 4025, R. S. 1881, makes any railroad corporation,
lessee, assignee, receiver or other person or corporation run-
ning, controlling, or operating any railroad, liable jointly or
severally for stock killed. Under this statute it is immate-
rial whether the railroad is operated by the company owning
the line or by another. A railroad corporation is liable for
stock killed on its line, in the event it has failed to securely
fence its track. *Indianapolis, etc., R. R. Co.* v. *Ray*, 51
Ind. 269.

Moreover, the complaint avers that " the defendant, by and
with her locomotive engine and cars, then and there operated,

The Cincinnati, Hamilton and Indianapolis Railroad Co. v. McDougall.

run and controlled by the defendant's servants and employees, struck, run against," etc.   This averment very clearly indicates that the train was being operated by the appellant.

Under the assignment that the court erred in overruling appellant's motion for a new trial, counsel contend there was no sufficient or competent evidence to establish the fact that the appellant was a corporation, or that it operated the engine and train of cars, which inflicted the injury upon the appellee's horse.

The evidence was to the effect that the horse was injured upon the track of a railway, which was known as the Cincinnati, Hamilton and Indianapolis Railroad, a branch of the Cincinnati, Hamilton and Dayton Railroad. *Prima facie*, this indicates a corporation of that name.   It was sufficient to raise such an inference.   The animal having been injured, as the proof showed, by a train run upon the track of that railroad, the appellant was presumptively liable for the injury.   *Evansville, etc., R. R. Co.* v. *Snapp*, 61 Ind. 303.

The plaintiff, while testifying as a witness in his own behalf, was inquired of, on his direct examination, as to the value of the horse killed.   He declined to fix the value, or express any opinion on that subject.

The appellant, on cross-examination, sought to show that the horse whose value was in question, with five others owned by the appellee, had been listed by him, and returned to the assessor, at a valuation of three hundred dollars.   The court sustained objections to all questions which were designed to elicit these facts.

Subsequently, the appellee was recalled by the appellant, and after admitting the genuineness of his signature to the assessment list shown him, he was inquired of concerning the value of the five other horses, listed and returned with the one afterwards killed.

It was proposed to show that the five were worth at least two hundred and fifty dollars.   The evidence was excluded.

There was no error in this ruling. As against the lister, assessment lists are competent evidence to show whether or not the particular property in controversy was claimed or owned by him at the time the list was made. *Lefever* v. *Johnson*, 79 Ind. 554; *Painter* v. *Hall*, 75 Ind. 208.

Such lists are, however, not competent, either for or against the lister, as original, substantive evidence, to establish the value of a particular article of property for purposes other than taxation. Such valuations are to be regarded as having been made for a special purpose, and like admissions made for a like purpose, they are not competent as original evidence of value for any other than the purpose for which they were made, or in a case involving the question of valuation for taxation. *Hanover Water Co.* v. *Ashland Iron Co.*, 84 Pa. St. 279; *Randidge* v. *Lyman*, 124 Mass. 361; *Commonwealth* v. *Heffron*, 102 Mass. 148; *Stanfield* v. *Stiltz*, 93 Ind. 249.

This is especially so in a case where it is sought to arrive at the value of one article, by proving the value of others with which that in question was listed.

Whether the circumstances justified the ruling in *Curme, Dunn & Co.* v. *Rauh*, 100 Ind. 247, we need not determine. The rule as above stated seems to be well supported, and is applicable to this case.

Without determining whether or not it is competent to impeach a witness who has sworn to the value of property, by the introduction of his tax list, in which he valued the property for taxation at a sum less than that testified to, we are clear the witness in this case having fixed no value on the horse, it was not competent to arrive at its value in the manner proposed.

The best evidence of the value of the horse was the testimony of witnesses who had knowledge of its value at or about the time it was killed.

Conceding the appellant's claim, that it was incumbent on the plaintiff below to show affirmatively that the horse came

upon the track at a point where it was the duty of the rail-road company to maintain a fence, there was evidence from which this may have been inferred. There was no error.

The judgment is affirmed, with costs.

Filed Oct. 8, 1886; petition for a rehearing overruled Nov. 6, 1886.