STEPHEN A. PERKINS, Appellant, v. GEORGE D. EIGHMIE, Respondent.

*Supreme Court, Second Department, General Term, June* 28, 1889.

1. *Negligence. Landlord and tenant.*—Where a landlord, who furnished steam for heating purposes and to operate machinery in his building, as soon as he discovered a defect in the boiler, employed a workman to remedy the defect, he is not liable to the lessee of rooms in the building for injuries to his property resulting from an explosion of the boiler while in the hands of the mechanic, even though it was occasioned by the latter's negligence in repairing the defect.

2. *Same. Master and Servant.*—The relation of master and servant does not exist between the landlord and the mechanic employed to repair the boiler.

Appeal from a judgment entered upon an order granting a nonsuit, and dismissing the complaint.

*O. D. M. Baker*, for appellant.

*G. & G. H. Williams*, for respondent.

DYKMAN, J.—The defendant in this action was the owner of a building in the city of Poughkeepsie, and in the month of September he rented to the plaintiff five rooms on the second floor of the building for a residence. The other part of the building was used as a factory, and in the cellar there was a boiler to make steam for the machinery in the factory and to furnish heat.

The plaintiff went into the possession of the rooms and occupied them until the night of the 8th of November, 1888, when the boiler exploded and set fire to the building, which was entirely destroyed, and with all the household prop-

erty and goods of the plaintiff amounting in value to about $1,500.

There was no defect discovered in the boiler until the morning of November seventh, the day previous to the explosion, when a slight leak was discovered, and the steam was let down to permit the reparation of the boiler, but on the morning of the eighth, the leak continued and again the steam was run down and a mechanic employed to repair the defect. That night, and while the boiler was yet in charge of the person employed to remedy the defect, the boiler from some cause unknown exploded and caused the fire which wrought the destruction.

This action is against the defendant for the recovery of the damages he has sustained by the destruction of his property by the fire.

The complaint was dismissed on the trial at the close of the plaintiff's case, and he has appealed from the judgment.

We discover no evidence in the case sufficient to charge the defendant with negligence. The boiler had been in use for a considerable time, and although it may have been small for the purposes for which it was used, yet no imperfection or defect had been discovered, and no attention had been directed to any weakness in any part of the iron. Even the opening which permitted the leakage was neither serious nor dangerous.

If there was any negligence on the part of the person employed to repair the boiler, which resulted in the disaster, the defendant cannot be chargeable therewith. The person so employed was a skillful mechanic, and the work was left entirely with him. The relation of master and servant did not exist between him and the defendant. He was employed to obviate the difficulty discovered in the boiler, and the manner of so doing was left entirely to his judgment and discretion.

This part of the case is covered by the cases of King *v*. The R. R. Co. (66 N. Y. 181) ; Hexamer *v*. Webb (101 Id.

377; 1 N. Y. State Rep. 46); Olive *v.* Whitney Marble Co. (103 Id. 292; 3 N. Y. State Rep. 66).

The judgment should be affirmed, with costs.

PRATT, J. concurs; BARNARD, P. J., not sitting.