# SHERWOOD v. WARNER.

MASTER AND SERVANT; NEGLIGENCE; AGENCY.

1. To make a master liable for an injury caused by his servant's negligence, the servant must have done the act causing the injury in the service of the master and in doing an act which the master is bound to perform or which is done by his direction.

2. Where a machinist employed by an elevator and machine company to repair a damaged elevator (not in use) in an apartment house caught his arm between a wheel and the elevator ropes, and requested the janitor of the building to raise the elevator, and the janitor negligently lowered the elevator instead of raising it, causing the loss of the machinist's arm, the owner of the apartment house is not liable in an action by the machinist against him, as the janitor acted as the agent of the plaintiff, and not in the general course of his employment as defendant's servant.

No. 1533.    Submitted January 16, 1906.    Decided February 6, 1906.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia in an action to recover damages for personal injuries.                        *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal taken from a judgment of the supreme court of the District of Columbia, entered, by direction of the trial court at the close of the plaintiff's evidence, in favor of the defendant.

The appellant, Lawrence W. Sherwood, a machinist in the employ of a firm engaged in the elevator and machine business, was sent by his employers to the "Leamington flats" to repair the elevator therein. This building was owned by appellee, Brainard H. Warner. Appellant took with him as assistants a helper and an apprentice boy. The elevator was so disabled that it was out of service, and they worked until evening, when they were ready to lift up the piston, which they considered had traveled too far down and was stuck in the rust and corrosion at the bottom of the cylinder. Not being able to move it, the apprentice was directed by appellant to get further help. He went out to a neighboring apartment house and brought back with him some men. The apprentice and three others pulled on the fall, with the result that the piston came up and appellant's arm was caught between the sheave, or wheel, and the ropes. Appellant tried in various ways to release his arm. Failing to do so, the apprentice was sent by appellant to go down and get someone to put the pressure on. The witnesses differ as to whether any particular person was designated. He found the janitor, Conn, and the elevator boy in the basement. Conn and the apprentice went upstairs, the elevator being about one landing from the top floor. He told the janitor that he wanted the car run up to relieve appellant. Finally he went up above the elevator and leaned over and caught hold of the top of the car. The witness further says: "I wanted to help him by pulling up on the roof of the car, and told him to get in the car and run the car up the hole. * * * Mr. Conn got in the car and I laid down on the floor on my stomach and leaned over the well, and caught hold of the grill work in the car. I tried to surge it with my weight on it. Conn moved the wheel, and I said, 'Jump now.' He jumped, but the car would not move after he had turned the wheel, and before I thought anything else the car went down the other way, and was pulled out of my hand and went down the hole. I went out in the hallway and saw Sherwood coming out with his arm torn off."

Appellant, who had been working in the elevator business for thirteen years, testified that he knew he was doing a dangerous

thing when he got in the cylinder shaft, and that there was danger of his getting hurt, and that he took the risk. Conn, the janitor, testified that he was the superintendent of the building, and that he ran the elevator in the absence of the regular operator, although he was not instructed to do so. The testimony further discloses that the elevator could not be, and was not while they were working on the repairs, operated for the carriage of passengers. There was no testimony offered that appellee was to furnish any help, or to have any control over the force engaged in making the repairs. It is not disputed that Conn was in the general employ of appellee. The testimony clearly discloses that the repairs were made under the direction of the appellant, and that everything done to release him was directed by him or by his fellow workman, the apprentice. The appellee is not shown to have had any personal knowledge of how the repairs were being made, nor of what Conn did in trying to release appellant.

*Mr. M. J. Colbert* and *Mr. C. J. Murphy* for the appellant.

*Mr. J. J. Darlington* and *Mr. W. C. Sullivan* for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

The case under the evidence presents but one question necessary for determination: Was Conn, the janitor, the servant of the appellee, in endeavoring to release the appellant, so as to make appellee liable for his negligence? That he was in the general employ of the appellee is admitted, yet such a service does not make the master liable, except for acts done for the master. While rendering such general service he may be the servant of another. As the New York court of appeals said, in *Wyllie* v. *Palmer,* 137 N. Y. 248, 19 L. R. A. 285, 33 N. E. 381: "Servants who are employed and paid by one person may, nevertheless, be *ad hoc* the servants of another in a particular transaction, and that, too, where their general employer is interested in the work."

We think the proposition founded on reason and well established, that, to make a master liable for an injury caused by his servant's negligence, the servant must either have done the act causing the injury in the service of the master, and in doing an act which the master was bound to perform, or which was done by his direction.

The evidence in this case fails to show that the act done by appellee's servant was done in appellee's service, and was either one which appellee was bound to perform or directed by him to be performed. Conn was not employed by appellee to assist in repairing the elevator, or, while the elevator was out of service, to operate it, or try to operate it. On the other hand, it is clear that he was acting under the direction of appellant or appellant's assistant. His movements were directed by them. In *Higgins v. Western U. Teleg. Co.* 156 N. Y. 75, 66 Am. St. Rep. 537, 50 N. E. 500, it was said, in speaking of a case very similar to this: "The true test in such cases is to ascertain who directs the movements of the person committing the injury. It seems to me that the conductor in this case, whose negligence caused the injury, was not, at the time, engaged in the defendant's work, but in the work of the contractor, under the direction of the plaintiff." The facts in that case, so far as the relations of the parties are in question, were very similar to the facts in this case. The Western Union Company had employed a contractor to make repairs to its building, including the putting in of elevators. These had been put in, but not turned over by the contractor, although the company used them in carrying passengers, and employed and paid the conductors. The plaintiff, a plasterer, in the employ of the contractor, was directed to plaster an elevator shaft, and the conductor moved the car up and down the shaft, carrying the plaintiff on top of it so that he could use the car as a platform. By the negligence of the conductor the plaintiff was injured. The trial court held the company liable. On appeal the court of last resort held that the conductor, in performing the service which resulted in the accident, was not acting as the servant of the company which employed and paid him, but was doing the work of the contractor, under the direction of the plaintiff. We

cannot distinguish any material difference between the two cases. At the most the general employers did no more than loan their servants to others. "When one person lends his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as the servant of the man to whom he is lent, although he remains the general servant of the person who lent him." *Rourke* v. *White Moss Colliery Co.* L. R. 2 C. P. Div. 205. If Conn was not loaned to appellant, he, so far as the appellee is concerned, acted as a volunteer in coming to appellant's assistance, and at appellant's request. Appellee was under no obligation to furnish his servants as assistants to those engaged in making the repairs. There is no evidence to warrant such a conclusion. In *Murray* v. *Dwight,* 161 N. Y. 301–308, 48 L. R. A. 673, 55 N. E. 901, the court, in referring to *Higgins* v. *Western U. Teleg. Co.* *supra,* said: "It is apparent, I think, that the plaintiff in that case occupied a different relation to the person moving the elevator than he would had the injury occurred while being conveyed as a passenger in the elevator to his place of duty on an upper floor and while the elevator was being used as a passenger elevator, and while it was in law the defendant's elevator and in charge and control of its servants."

In the case at bar appellant was not being carried as a passenger when the accident occurred, and the elevator was not being used by appellee for any purpose whatever. The facts are not such as require us to determine the measure of the liability of the owner of a passenger elevator to the passengers carried therein. The elevator was in the hands of appellant, or his employers, for repairs, and, so far as shown, appellee had no control over it, and his servants were not engaged in operating it for him, or in their regular line of employment. Owners of buildings are daily engaging parties to make repairs to the apparatus and fixtures in them, and, in the absence of any agreement to furnish their servants as assistants to the parties making repairs, it would be carrying the rule applicable to the liability of masters for the negligence of their servants altogether too far to extend their liability to cases where the repairers solicit such

servants to aid them in their work. If my servant who takes charge of my furnace happens to be around when repairs are being made to it by a contractor employed for that purpose, and, at the request of the contractor, assists him in the repairs, without my agreement to furnish his aid, it would be unjust to hold me responsible for his negligence. In rendering such assistance he becomes the servant of the contractor. *Olive* v. *Whiting Marble Co.* 103 N. Y. 292, 8 N. E. 552.

In *Murray* v. *Dwight, supra,* the court well said: "The question when and under what circumstances the servant of a general master becomes the servant of another is often difficult of solution. There is some apparent conflict in the authorities, due more to the difficulty of applying the legal principle to ever-varying facts than to any discord with respect to the principle itself. Moreover, the rule is subject to some distinctions that are not always easy to state in such a way as to render the result in every case so plain as to command acquiescence, or to give to the decision the character of a conclusive authority."

The facts in the present case make it comparatively easy to apply the legal principle to them. As we have said, the elevator was incapable of use as a passenger elevator when the accident occurred, and was not in use. The appellee was under no agreement to furnish any assistance in making the repairs. The janitor acted solely upon the request of appellant or his representative, and appellee's servant was not in the regular line of his employment when he rendered the service which resulted in the injury. Under this state of facts, the rule is that the general employer is not liable. However much we may deplore the distressing accident, it would be unjust to hold appellee legally responsible for it, and require him to respond in damages.

It follows that the action of the court below in directing a verdict in favor of the defendant was correct, and the judgment is therefore affirmed, with costs.                    *Affirmed.*